UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION



CENTURY 21 REAL ESTATE
CORPORATION,

               Plaintiff,

               Case No. 5:03 CV 0091

vs.

               Hon. Ellen S. Carmody

PEARSON-COOK CO., INC.,
TIMOTHY R. FORE, and
PATTI J. FORE,

               Defendants.

_____/

DICKINSON WRIGHT PLLC
Jason P. Klingensmith (P61687)
Frank A. Hamidi (P57713)
Attorneys for Plaintiff
500 Woodward Ave.
Suite 4000
Detroit, Michigan 48226-3425
(313) 223-3500

_____/

## ORDER GRANTING PERMANENT INJUNCTION, APPOINTING RECEIVER AND REQUIRING CREDITOR'S EXAMINATION DEPOSITIONS

This matter having come before the Court on Plaintiff Century 21 Real Estate, LLC's ("Century 21") Motion for Temporary Restraining Order, Preliminary Injunction and Appointment of Receiver (the "Motion"); notice of the Motion having been provided to Defendants and their counsel; hearings have been held and oral argument having been presented on November 9 and 13, 2006; and the Court being otherwise fully advised in the premises.

THE COURT HEREBY FINDS that Century 21 has demonstrated that it will suffer irreparable harm and will be left without an adequate remedy at law if Defendants and other

1

third-parties are permitted to transfer or dispose of assets in order to frustrate Century 21's collection efforts and avoid satisfying the Amended Consent Judgment entered by the Court on December 29, 2005.

THE COURT FURTHER FINDS that Century 21's request for injunctive relief and appointment of a receiver is authorized under Fed.R.Civ.P. 65 and 69, and M.C.L. § 600.6104 and M.C.R. 2.622.

NOW, THEREFORE, IT IS ORDERED that Defendants Pearson-Cook Company, Inc. ("Pearson-Cook"), Timothy R. Fore and Patti J. Fore, and their officers, agents, servants, employees and attorneys ("Defendants"), and those acting in concert or participation with them, are hereby permanently enjoined from transferring any of Defendants' respective assets, including but not limited to real estate listings, listing agreements and/or tangible assets, including but not limited to furniture, furnishings and computers, to any third-party, including but not limited to the Platinum Realty Group, Mike Lafave, Jim Deeb and any of their officers, directors, members, shareholders, agents, servants, employees, or others acting on their behalf (collectively, "Platinum"). However, with respect to Timothy R. Fore and Patti J. Fore, the following transfers are excepted from this permanent injunction: (a) food purchases, (b) payments necessary to keep and maintain one permanent place of residence, such as mortgage or rent payments and utilities, (c) payments for necessary travel expenses, limited to one automobile, and (d) payments for necessary medical expenses.

IT IS FURTHER ORDERED that any third-party who has acted in concert with or participation with Defendants, including but not limited to Platinum, and who have received a transfer of Defendants' assets, including but not limited to real estate listings, listing agreements and/or tangible assets, including but not limited to furniture, furnishings or computers, and who

2

are provided with actual notice of this Order, are prohibited from disposing or using any such assets, for commercial gain or otherwise, and shall keep and preserve all such assets and specifically account for all such assets by notifying counsel for Century 21 through immediate written communication via first class mail addressed to Jason P. Klingensmith, Dickinson Wright, PLLC, 500 Woodward Avenue, Suite 4000, Detroit, Michigan 48226, of the assets that were transferred to such third-party and the current whereabouts and form of such assets.

IT IS FURTHER ORDERED that Defendants and any third-party who has acted in concert with or participation with Defendants, including but not limited to Platinum, shall immediately pay into the Registry of the United Stated District Court, Western District of Michigan, any and all proceeds, revenue, cash and/or negotiable tender procured, earned or derived from any real estate transaction closed after being listed, ~~at any time, by Pearson-Cook~~ *by Pearson-Cook at any time between July 1, 2006 And the present, excluding any listing that expired by its own terms during such period and was not ~~renewed.~~ renewed.*

IT IS FURTHER ORDERED that Pearson-Cook must collect and assemble *its* assets, including but not limited to its furniture, furnishings, computers and cash, and present all such assets to Century 21 at Pearson-Cook's former real estate offices on Wednesday November 15, 2006 beginning at 8:00 a.m., or at such later time if Century 21 designates such later time by written communication from its counsel.

IT IS FURTHER ORDERED that Defendants Timothy R. Fore and Patti J. Fore must collect and assemble their assets and present such assets to Century 21 at the Fores place of residence, located at 1742 Oakleigh Woods Dr. N.W., Grand Rapids, Michigan 49054, on Wednesday November 15, 2006 beginning at 8:00 a.m., or at a later time if Century 21 designates such later time by written communication from its counsel.

IT IS FURTHER ORDERED that each Defendant must appear for a creditor's examination deposition on Thursday November 16, 2006, beginning at 10:00 a.m., at the offices

of Dickinson Wright PLLC, 200 Ottawa Avenue, N.W., Suite 200, Grand Rapids, Michigan 49503.

IT IS FURTHER ORDERED that pursuant to Fed.R.Civ.P. 65 and 69, and M.C.L. § 600.6104 and M.C.R. 2.622, the Court will appoint an individual to be identified by Century 21 not later than November 20, 2006, as a Receiver over Defendants' assets and Pearson-Cook's business in order to: (a) transact Pearson-Cook's remaining business and supervise and manage the winding down of its operations and eventual dissolution, (b) account for, manage and safeguard Defendants' assets, including but not limited to all real estate listings, listing agreements and/or tangible assets, including but not limited to furniture, furnishings and computers, from unauthorized transfer, disposal, disclosure, termination and use by Defendants and/or those in active concert or participation with them who receive actual notice of this Order, including but not limited to Platinum, (c) account for, manage and safeguard any assets transferred by Defendants and/or those in active concert or participation with them, including but not limited to Platinum, from further transfer, disposal, disclosure, termination or use so as to in any way diminish the value of the assets or to realize any gain from such assets; and (d) undertake any and all reasonable and necessary action in the business and commercial affairs of Pearson-Cook to maximize assets, funds and proceeds available to satisfy the Amended Consent Judgment entered by the Court on December 29, 2005 and the claims of other creditors.

IT IS FURTHER ORDERED that this Order shall continue in full force and effect until further Order of this Court.

_____
HON. ELLEN S. CARMODY

DATED: _____November 13, 2006_____

4